**GENERAL MOTORS CORPORATION et al. v. APOLLO MAGNETO CORPORATION.**

**SAFETY STEERING CONTROL CORPORATION v. SAME.**

Nos. 181, 182.

Circuit Court of Appeals, Second Circuit.

March 6, 1939.

AUGUSTUS N. HAND, Circuit Judge, dissenting in part.

456

Theodore S. Kenyon, of New York City, for appellant.

Morris Hirsch and Charles Silver, both of New York City, for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

We granted a petition for rehearing as to the Stranahan patent, Judge Swan taking the place of Judge Manton, who had resigned. After a second argument a majority of the court, as now constituted, Judge AUGUSTUS N. HAND dissenting, holds that Stranahan disclosed an authentic invention in his specifications for the reasons stated in the dissenting opinion upon the original hearing. Whether claim three may properly be limited to that invention, depends upon how we are to understand its last element: "means * * * for releasing said rod when the wheels are turned from their position" straight ahead. This obviously referred to the fact that, as the rod tilts, it leaves the "brake lining 13", and the steering is thereafter wholly free; but the words are general and unless limited by the disclosure cover a good deal more. In Wattles the braking member did indeed "release" the rod when the wheels turned, but it always kept contact with it, i. e., with the "cam-arms, 13, 13." Law did not "release" the rod at all, for although it left the end of the bracket member, 8, the tension and braking increased, the more the wheels turned. Lowe also had no means of release. In Ross the axle did not carry the element "extending into the vicinity of said tie rod", and that alone distinguishes the reference. In Macdonald the rod was to some extent "released" from friction, but not altogether, and, as in Wattles, the braking device always remained in contact with the rod. The same was true of Stoffer and Shoemaker. It would therefore be a perverse interpretation, which should refuse to limit the word "releasing" in claim three to the unique feature of Stranahan's disclosure: the canon, ut res magis valeat quam pereat, applies with particular force to patent claims. McClain v. Ortmayer, 141 U.S.

419, 425, 12 S.Ct. 76, 35 L.Ed. 800; Smith v. Snow, 294 U.S. 1, 14, 55 S.Ct. 279, 79 L.Ed. 721.

Decree affirmed as to the Stranahan patent.

Decree reversed as to the Seth patent, and bill dismissed for non-infringement.

AUGUSTUS N. HAND, Circuit Judge, concurs in the reversal as to the Seth patent and dissents as to affirmance in respect to the Stranahan patent.